1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16

DONALD JEFFERSON Jr.,

Plaintiff,

v.

KATHY ALVES, *et al.*,

Defendants.

Case No. C06-5479RJB

ORDER GRANTING MOTION TO
EXTEND DISCOVERY AND
RESETTING THE SCHEDULING
ORDER

17    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

18 pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR

19 3, and MJR 4. Before the court is plaintiff's motion asking for a 90 day extension of time to conduct

20 discovery (Dkt. # 38).  Defendants have responded and oppose the motion (Dkt # 39).

21    Plaintiff provides two reasons for the extension of time.  Plaintiff alleges he is having trouble

22 obtaining certain documents he claims are in the control or possession of defendants (Dkt. # 38).

23 Defendants object to this reasons and note that Fed. R. Civ. P. 37 provides for a remedy if plaintiff

24 believes the documents are wrongly being withheld (Dkt. # 39).  Defendants position on this point is

25 well taken.  Plaintiffs remedy would be to file a motion to compel after he has met and conferred

26 with opposing counsel if an agreement is not reached.

27    Plaintiffs second reason for seeking a continuance is his transfer to Pierce County Jail on new

28 ORDER - 1

1  or pending charges (Dkt. # 38).  Plaintiff alleges he was not allowed to take files pertaining to this

2  case with him and he will be separated from his files until some time in May.  Defendants do not

3  address this issue in the motion for opposition (Dkt. # 39).

4      The court finds plaintiff has shown good cause for an extension of time.  Revision of the

5  scheduling order is therefore appropriate.  It is hereby ORDERED:

6                                        Discovery

7      All discovery shall be completed by September 21, 2007.  Service of responses to

8  interrogatories and to requests to produce, and the taking of depositions shall be completed by this

9  date.  Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within

10  **thirty (30) days** after service of the interrogatories.  The serving party, therefore, must serve his/her

11  interrogatories at least **thirty (30) days** before the deadline in order to allow the other party time to

12  answer.

13                                        Motions

14      Any dispositive motion shall be filed and served on or before October 26, 2007. The motion

15  shall include in its caption (immediately below the title of the motion) a designation of the Friday

16  upon which the motion is to be noted upon the court's calendar.  That date shall be the fourth Friday

17  following filing of the dispositive motion.  All briefs and affidavits in opposition to any motion shall

18  be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday

19  appointed for consideration of the motion.  If a party fails to file and serve timely opposition to a

20  motion, the court may deem any opposition to be without merit.  The party making the motion may

21  file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for

22  consideration of the motion, a response to the opposing party's briefs and affidavits.  The originals

23  must indicate in the upper right-hand corner the name of the magistrate judge.

24      If a motion for summary judgment is filed, it is important for the opposing party to note the

25  following:

26          A motion for summary judgment under Rule 56 of the Federal Rules of Civil
            Procedure will, if granted, end your case.

27          Rule 56 tells you what you must do in order to oppose a motion for summary

28  ORDER - 2

judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**

<u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).  Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

Joint Status Report

Counsel and *pro se* parties are directed to confer and provide the court with a joint status report by no later than February 22, 2008.  The joint status report shall contain the following information by corresponding paragraph numbers:

1.  A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2.  A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3.  A list of all exhibits to be offered into evidence at trial;

4.  A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

5.  Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

6.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

ORDER - 3

1       7.   Any other suggestions for shortening or simplifying the trial in this case;

2       8.   The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

3       9.   The dates on which trial counsel are unavailable and any other complications to be

4  considered in setting a trial date;

5       10.   Whether the trial will by jury or non-jury;

6       11.   The number of trial days required, and suggestions for shortening trial;

7       12.   The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro

8  se) parties who intend to appear at trial.

9       If the parties are unable to agree on any part of the report, they may answer in separate

10  paragraphs.  **Separate reports are <u>not</u> to be filed**.  Plaintiff's counsel (or plaintiff, if *pro se*) will be

11  responsible for initiating communications for the preparation of the joint status report.

12                     <u>Proof of Service & Sanctions</u>

13       All motions, pretrial statements and other filings shall be accompanied by proof that such

14  documents have been served upon counsel for the opposing party (or upon any party acting pro se).

15  The proof shall show the day and manner of service and may be by written acknowledgment of

16  service, by certificate of a member of the bar of this court, by affidavit of the person who served the

17  papers, or by any other proof satisfactory to the court.  Such proof of service shall accompany both

18  the original and duplicates filed with the Clerk.  Failure to comply with the provisions of this Order

19  can result in dismissal/default judgment or other appropriate sanctions.

20       The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for

21  defendant(s).

22

23       DATED this 27 day of April, 2007.

24

25                 */S/ J. Kelley Arnold*

26                 J. Kelley Arnold

                     United States Magistrate Judge

27

28  ORDER - 4